NNIN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROY A. NICHOLS

    Petitioner,
v.                                          Case No. 5:23cv241/TKW/MAL

UNITED STATES OF AMERICA

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case in September of 2023 by filing a narrative pleading titled "A Petition for a Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241."[1] ECF No. 2. On September 15, 2023, I entered an order directing Petitioner to pay the $5.00 habeas filing fee (or submit an *in forma pauperis* motion) and file an amended petition on the appropriate court form. ECF No. 4. The order noted it was not clear that the petition sounded in habeas, as he appeared to challenge the validity of his convictions in the United States District Court for the Northern District of Ohio (ECF No. 2 at 1, 19), and it instructed Petitioner to name the proper respondent if he chose to file an amended petition. *Id.* at 2. Petitioner was warned that failure to timely comply could result in a recommendation that the case be

---

[1] Petitioner filed a substantively identical pleading, lacking only the certificate of service, in March of 2023. *See* Case No. 5:23cv88/MCR/MAL. That case was dismissed without prejudice upon Petitioner's request. *See* ECF Nos. 7, 8.

dismissed. The Clerk received the filing fee on September 27, 2023, but Petitioner did not submit an amended petition.

On October 24, 2023, I entered an order directing Petitioner to show cause why this case should not be dismissed without prejudice due to his failure to comply with a court order. ECF No. 6. The order provided that the show cause order would be discharged if Petitioner complied with the September 15, 2023, order within the time provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case.

Petitioner has now responded. He argues his petition should not be dismissed, regardless of his failure to use the proper court form. ECF No. 7. He notes the latitude traditionally given to pro se litigants in their filings, claims he has never had any court reject a pro se motion or petition he has filed, and he concludes by stating if the court "cannot or will not accept my petition as is, then I'm sure the Department of Justice will assist you in that matter." *Id.* at 1.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or

court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, and because Petitioner has failed to show that his challenge to his conviction from the Northern District of Ohio is properly before this court, the petition should be dismissed without prejudice.[2]

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on November 1, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to

---

[2] Although Petitioner was given until November 7, 2023 to comply, the instant submission clearly evidences his lack of intent to do so. Thus, delay in entering this recommendation is unnecessary. Petitioner may still cure the deficiency by filing an amended petition <u>as instructed</u> (in which event the case would be referred back to the undersigned) or he may choose to object to this recommendation, or alternatively, he may cure the deficiency by filing an amended petition <u>as instructed</u>. In the latter instance the case will be referred back to the undersigned for review.

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.